**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

August 5, 2019

Stephen F. Shea, Esq.
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Kathleen C. Buckner, Esq.
Special Assistant United States Attorney
Social Security Administration, Ofc. Of
General Counsel
6401 Security Blvd., Room 617
Baltimore, MD 21235

Subject: *Lakeisha J. v. Saul*[1]
Civil No.: 8:18-cv-01963-GLS

Dear Counsel:

Pending before this Court are cross-motions for summary judgment (ECF Nos. 14, 15). The Court must uphold the Social Security Administration ("SSA" or "the Agency")'s decision if it is supported by substantial evidence, and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, both Motions are DENIED and the SSA's judgment is remanded for further consideration.

## I. BACKGROUND

Plaintiff filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on February 27, 2014, initially alleging an onset of disability on March 14, 2012. (Tr. 14). Plaintiff's application was denied initially on July 17, 2014, and upon reconsideration on January 28, 2015, by the SSA. (*Id.*). On February 24, 2015, Plaintiff requested a hearing, which was conducted on April 18, 2017 before an Administrative Law Judge ("ALJ").[2] (*Id.*). On July 6, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act, (the "Act") during the relevant time frame which was February

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of the Social Security Administration. Commissioner Saul is substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d).

[2] Denise D. Cordes, vocational expert, appeared at the hearing by telephone. (Tr. 14).

27, 2014 to July 6, 2017.[3] (Tr. 11-25). On April 27, 2018, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6).

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations (the "Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's Residual Functional Capacity ("RFC"), i.e., the most the claimant could do despite her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he or she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Id.* at 180.

Here, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, obesity, anxiety, and depression. (Tr. 16). Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> perform light work . . . except with the following nonexertional limitations: occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; carrying out simple to moderately complex tasks in 2-hour increments with 10- to 15-minute breaks in-between; having occasional interaction with coworkers and supervisors, but no

---

[3] "[Plaintiff] amended the alleged onset date to February 27, 2014. After the hearing, the [Plaintiff] submitted additional evidence which has been admitted into the record and considered." (Tr. 14).

direct interaction with the general public; and adapting to simple changes in a routine work setting. (Tr. 18).

At the hearing, a vocational expert ("VE") testified that a hypothetical individual with the same age, education, and work experience as Plaintiff and with her RFC could not perform her previous work. (Tr. 51-52). The VE testified that the hypothetical person could not perform her previous work as an office administrator and property manager because they were skilled positions. (Tr. 52). Next, the VE was asked whether a hypothetical person with Plaintiff's RFC, limited to a sedentary exertional capacity, could perform any job. (Tr. 53). The VE responded, "yes." (*Id.*). When asked by the ALJ whether any jobs are available if the hypothetical person was "off task" 20 percent of an eight-hour day, the VE responded, "no." (Tr. 54). Plaintiff's attorney inquired about the hypothetical person being "off task" 15 percent, to which the VE testified that a person "off task" for "more than 10 percent" would be precluded from competitive employment. (*Id.*). The ALJ ultimately found that Plaintiff could perform several jobs existing in the national economy; therefore, Plaintiff was not disabled. (Tr. 23-24).

### III. DISCUSSION

In requesting summary judgment, Plaintiff contends that the ALJ erred in the RFC function-by-function analysis by failing to: (a) account for the Plaintiff's limitations in concentration or task persistence; (b) provide an adequate explanation on how Plaintiff could perform simple to moderately complex tasks in two-hour segments with 10- to -15 minute breaks in between; and (c) explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, Plaintiff could be productive or remain "on task" for 90 percent of an eight-hour workday. (ECF No. 14-1, pp. 6-9). The SSA avers that the ALJ did provide explanations for each conclusion, and thus, this Court should affirm the ALJ's decision. (ECF No. 15-1, p. 7). I will address each argument seriatim.

Plaintiff first asserts that the ALJ failed to set forth a limitation pertaining to concentration or task persistence. (ECF No. 14-1, p. 6). Relying on *Fender v. Colvin*, No. 1:17-CV-00041-RJC, 2018 WL 1536485 at *7 (W.D.N.C. Mar. 29, 2018), the SSA counters that "a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace ('CPP')." (ECF No. 15-1, p. 5).

In this case, I find that the ALJ did provide a limitation for concentration or task persistence. In determining Plaintiff's RFC, the ALJ limited Plaintiff to perform simple to moderately complex tasks in two-hour increments with 10- to -15 minute breaks. Although the ALJ explained that Plaintiff's "attention and concentration were intact on examination on multiple occasions," the ALJ found that Plaintiff's mental impairments caused her to have moderate limitations. (Tr. 17-18). Plaintiff's limitation is analogous to that found in *Fender*, where the ALJ stated that a two-hour limitation addresses moderate limitations in concentration, persistence, or pace. *Fender*, 2018 WL 1536485 at *7 (W.D.N.C. Mar. 29, 2018). Here, the limitation to "simple to moderately complex tasks" addresses Plaintiff's concentration issues, and the limitation of "two-hour increments with 10- to -15 minute breaks" addresses Plaintiff's persistence and pace

*Lakeisha J. v. Saul*
GLS-18-1963
August 5, 2019

concerns. Accordingly, because the ALJ addressed concentration and task persistence, substantial evidence exists to support this aspect of the RFC.

Plaintiff next maintains that the ALJ failed to provide an adequate explanation of how Plaintiff can perform simple to moderately complex tasks in two-hour segments with 10- to -15 minute breaks. (ECF No. 14-1, pp. 7-8).

An ALJ's RFC assessment must include a narrative that discusses how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, *7 (July 2, 1996). In assessing the RFC, the ALJ must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., eight hours a day, for five days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity that the individual can perform based on the evidence available in the record. *Id*. *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D.Md. Feb. 21, 2017) (The ALJ should build "an accurate and logical bridge from the evidence to [her] conclusion."). *Accord Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019).

Relevant here to this Court's analysis is a similar issue raised in *Larry B. v. Berryhill*, No. TMD 17-2757, 2018 WL 4913831 at *5 (D.Md. Oct. 10, 2018). In *Larry B.*, the court determined that in absence of an explanation of the evidence supporting the ALJ's findings, remand was necessary to provide the ALJ with such opportunity. *Id*. Similarly, here, I find that the ALJ has failed to explain what evidence supports the finding that Plaintiff could perform simple to moderately complex tasks in two-hour increments with 10- to -15 minute breaks. After reviewing the record, I am unable to discern whether the ALJ attempted to align Plaintiff's RFC to the assessments of Drs. Beth Klein and HT Unger, the two state agency consultants. I disagree with the SSA that the ALJ fully adopted the opinions of Drs. Klein and Unger, because the ALJ only assigned "limited weight" to those opinions. (ECF No. 15-1, p. 7). In reviewing their opinions, I note that Drs. Klein and Unger stated that Plaintiff could "carry out very short and simple instructions." (Tr. 65, 77, 96, 113). Drs. Klein and Unger further opined that, despite Plaintiff's moderate limitations in maintaining social functioning and concentration, persistence, and pace, Plaintiff could complete the basic mental demands of full-time work. (Tr. 22, 65, 77, 96, 113). The ALJ's opinion fails to explain how the limitation provided for Plaintiff's RFC relies upon or is distinguished from Drs. Klein and Unger. Because I am unable to discern how the ALJ determined that Plaintiff could perform simple to moderately complex tasks in two-hour increments with 10- to -15 minute breaks, as well as what evidence supports this conclusion, remand is warranted. On remand, the ALJ should provide a proper narrative on how the evidence supports the RFC determination, and build an accurate and logical bridge from the evidence to the conclusion. *See Thomas*, 916 F.3d at 311.

Given that this case is being remanded on other grounds, this Court will not address Plaintiff's final contention that the ALJ failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, she could be productive or remain "on task" for 90 percent of an eight-hour work day. (ECF No. 14-1, p. 9). On remand, however,

*Lakeisha J. v. Saul*
GLS-18-1963
August 5, 2019

the ALJ should ensure that her decision addresses whether Plaintiff can or cannot remain "on task" for 90 percent of an eight-hour work day, as well as address the amount of time Plaintiff would be "off task," including any medical evidence to support this decision. *See Larry B. v. Berryhill,* No. TMD-17-2757, WL 4913831 at *5 (D.Md. Oct. 10, 2018) (citing to cases therein for the proposition that the ALJ must explain how Plaintiff moderate difficulties in concentration, persistence, or pace results in an "on or off task" percentage). In addition, the ALJ should ensure that her decision includes, "an explanation of how that percentage was calculated . . . since a one percent increase could preclude competitive employment." *See Petry v. Commr, Soc. Sec. Admin.*, No. SAG 16-464, 2017 WL 680379, at *2 (D.Md. Feb. 21, 2017).

## IV.    CONCLUSION

In remanding for additional analysis, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not entitled to benefits is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 14), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 15), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk of the Court is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge